UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Read,

      Plaintiff,

v.                                                        Civil No. 11-3729 (JNE/FLN)
                                                        ORDER

Messerli and Kramer, P.A.,

      Defendant.

Plaintiff Steven Read ("Read") brought this this lawsuit against Defendant Messerli and Kramer, P.A. ("M&K"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* (2006). Now before the Court is M&K's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court denies the motion.

## I.    BACKGROUND

Read allegedly incurred a consumer debt with Capital One Bank (USA), N.A. ("Capital One"). M&K is a law firm that was retained to collect on Read's allegedly delinquent account and is a "debt collector" as defined under 15 U.S.C. § 1692a(6). On November 16, 2011, M&K mailed Read a letter notifying him that it is a law firm representing Capital One and attempting to collect the debt. This letter included a validation notice as required by 15 U.S.C. § 1692g, explaining that Read had thirty days to notify M&K in writing if the debt is disputed. On December 1, 2011, M&K mailed Read another letter, stating that "it is our client's desire to resolve this matter voluntarily and without further legal collection activity. . . . It is important that you contact us at 877 577-5601 to arrange payment of the balance due." On December 12, 2011, M&K mailed Read a third letter, which stated, in relevant part:

1

**FINAL NOTICE**

…

You have failed to make a satisfactory arrangement to resolve this obligation voluntarily. We have now given you an opportunity to resolve this matter.

Your failure to respond may result in the enforcement of our client's rights and your contractual agreement in court. You can make our client's decision to commence suit over this debt unnecessary by contacting us to resolve this account.

We are still willing to work with you. However, you must call our office at 877 577-5601 immediately if you want to resolve this matter voluntarily. If you do not contact us, we will assume that you are refusing to make arrangements acceptable to our client and will proceed accordingly.

The only additional notice contained within this third collection letter was a statement that "[t]his communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose." Read contends that the December 12 notice overshadowed his right to dispute the debt, in violation of 15 U.S.C. § 1692g.

## II.   DISCUSSION

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Mulvenon v. Greenwood*, 643 F.3d 653, 656 (8th Cir. 2011). Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court "generally may not consider materials outside the pleadings," but "[i]t may . . . consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir.2008) (quoting *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999)). The three letters that M&K sent to Read were attached to the Complaint and thus may be considered. *See, e.g.*, *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005) (considering exhibits attached to the complaint as part of the complaint).

The FDCPA was enacted "to eliminate abusive debt collection practices," and "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Hemmingsen v. Messerli & Kramer, P.A.*, 2012 WL 878654, at *2 (8th Cir. Mar. 16, 2012) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010)). Section 1692g provides that a debt collector must send a "validation notice" within five days after the initial communication with a consumer in connection with the collection of the debt. 15 U.S.C. § 1692g(a). Among other things, the notice must include a statement that the consumer has thirty days in which to notify the debt collector in writing that the debt, or any portion thereof, is disputed. *Id.* If the consumer disputes the debt in writing during that thirty-day period, "the debt collector must cease collection of the debt until it mails a verification of the debt to the consumer. *Id.* § 1692g(b). In the absence of such a dispute, the debt collector may continue its collection activities and communications during the thirty-day period; however, any such activities and communications "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." *Id.*

Read does not dispute that M&K's initial letter contained a proper validation notice. He argues, however, that his right to dispute the debt was overshadowed by M&K's final letter, which was sent twenty-six days after the initial letter. Read asserts that the December 12 letter insinuated that some deadline had passed and that based on this letter, an unsophisticated consumer could believe that he or she was out of time to dispute the debt.

Whether collection activities or communications within the thirty-day validation period overshadow or are inconsistent with a validation notice is determined under the "unsophisticated consumer" standard. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" *Id.* (quoting *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000)). It "protects the uniformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317-18. Collection activities or communications within in the thirty-day period overshadow or contradict the validation notice if they would make the unsophisticated consumer "uncertain as to her rights." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (internal quotation marks omitted).

M&K contends that to violate § 1692g, a communication must demand *payment*—not merely *contact*—before the expiration of the thirty-day validation period. M&K also argues that simply conveying a sense of urgency does not constitute overshadowing in violation of § 1692g. Because the FDCPA encourages open communication between debtors and debt collectors, M&K asserts that urging "immediate" contact before filing suit promotes settlement, prevents fruitless litigation, and permits debtors to present disputes and request validation of their debt.

4

Thus, M&K asserts that a debt collector's mere request that the consumer immediately contact the collector, without demanding immediate payment, does not constitute overshadowing. *See, e.g.*, *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004) (holding that the statement "act now to satisfy this debt" did not overshadow the debtor's entitlement to a thirty-day period because the statement was "in the nature of puffing" and the thirty-day verification period "is clearly stated in the next paragraph of the letter."); *Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997) (finding no overshadowing where a letter demanded immediate contact because the "validation notice immediately follow[ed] the language regarding an immediate phone call," "[t]he text of the letter is uniformly presented in ordinary, same-size font" and placed "[n]o emphasis . . . on any particular statement," and "the challenged language . . . does not require *payment* 'immediately," but "merely requests a phone call"); *Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000) (finding that a notice that "afford[ed] [plaintiff] the opportunity to pay this bill immediately and avoid further action against [him]," while also containing the thirty-day validation notice, did not violate § 1692g because the letter presented the plaintiff with two options and "d[id] not emphasize one option over the other, or suggest that [plaintiff] forego the second option in favor of immediate payment");*United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131 (4th Cir. 1996) (finding that demands of "immediate payment" or payment in ten days conflict with the thirty-day validation period); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996) (finding that the notice contained a contradictory message when the back of the notice provided the thirty-day validation notice, but the front requested payment "within the next 10 days").

But unlike the letters at issue in the cases cited by M&K, the December 12 letter did more than merely demand contact. It did more than even demand "immediate" contact. It also stated

that M&K had "given [Read] an opportunity to resolve this matter" and that Read "failed to make a satisfactory arrangement to resolve this obligation voluntarily." The letter continued, stating that Read's "failure to respond may result in the enforcement of our client's rights and your contractual agreement in court." If Read did not call M&K "immediately," then M&K would "assume that [Read is] refusing to make arrangements acceptable to our client and will proceed accordingly." Unlike the letters discussed in *Taylor*, 365 F.3d 572, *Terran*, 109 F.3d 1428, and *Wilson*, 225 F.3d 350, M&K's "final notice" did not also contain the thirty-day validation notice in addition to the demand for immediate contact.[1] Nor did the letter refer back to the prior validation notice or otherwise explain that the "opportunity" referred to in the letter was distinct from Read's right to dispute the debt. An unsophisticated consumer could read this letter and believe that whatever "opportunity" M&K previously gave him has now expired and that legal action is imminent. Absent any clarifying language, the unsophisticated consumer could also infer that the "opportunity" referred to in the letter was his opportunity to dispute the debt, even though the letter was sent only twenty-six days after the initial communication—before the thirty-day validation period had expired.

The issue in this case is not the demand for "immediate" contact standing alone—the issue is the use of such language in conjunction with a statement that could imply that some opportunity had expired. *See Riess v. Messerli & Kramer, P.A.*, Civ. No. 11-2307 (RHK/JJK), 2011 WL 5506290, at *4 (D. Minn. Nov. 10, 2011) (finding that the plaintiff stated a claim for overshadowing when he received a letter nearly identical to the one at issue in this case, and stating that "while the demand for immediate contact standing alone may not have 'threatened or

---

[1] Although there is no "blanket rule" that all subsequent communications must reiterate the validation notice, *see Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 417 (7th Cir. 2005), inclusion of the validation notice in such communications may certainly help avoid overshadowing where other language potentially contradicts the validation notice.

encouraged' [plaintiff] to forego his rights, the letter also insinuated that a deadline for taking action had already passed, and that failure to contact M&K 'immediately' would cause it to 'proceed accordingly' against him"); *Barrett v. Messerli & Kramer, P.A.*, Civ. No. 11-2722 (PAM/AJB) (D. Minn. Apr. 12, 2012) (examining an identical letter and holding that "it is not possible to say that the second letter did not overshadow [plaintiff]'s rights under the FDCPA as a matter of law"); *Poladian v. Messerli & Kramer, P.A.*, Civ. No. 12-291 (DSD/FLN) (D. Minn. Apr. 25, 2012) (denying the defendant's motion to dismiss an action based on an identical letter). Thus, Read has stated a claim for overshadowing under § 1692g and M&K's Motion to Dismiss is denied.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss [Docket No. 3] is DENIED.

Dated: April 26, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
